# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELMER NATHANIEL FRANCIS, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV 05-307-FHS |
| ERIC FRANKLIN, Warden, | ) | |
| Respondent. | ) | |

## ORDER

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction in LeFlore County District Court Case Number CF-97-323 for Unlawful Possession of a Controlled Drug with Intent to Distribute, After Former Conviction of a Felony.

The respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

10/08/1999   Petitioner's Judgment and Sentence was affirmed in his direct appeal to the Oklahoma Court of Criminal Appeals. *Francis v. State*, No. F-98-590 (Okla. Crim. App. Oct. 8, 1999).

01/06/2000   Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.

| 06/14/2004 | Petitioner filed an application for post-conviction relief in the LeFlore County District Court. |
| --- | --- |
| 08/20/2004 | The state district court denied petitioner's application for post-conviction relief. |
| 09/23/2004 | The denial of petitioner's application for post-conviction relief was affirmed in *Francis v. State*, No. PC-2004-937 (Okla. Crim. App. Sept. 23, 2004). |
| 07/22/2005 | Petitioner filed this petition for a writ of habeas corpus by placing it in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 270 (1998) |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows petitioner's Judgment and Sentence became final on January 6,

2000, so he had one year, until January 6, 2001, to file a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1)(A). He did not initiate his post-conviction proceedings until the deadline had passed, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Petitioner's habeas petition was filed on July 22, 2005, long after the limitations period had expired.

Petitioner argues the limitations period should be equitably tolled, because his constitutional rights were violated, as outlined in his grounds for habeas relief. He also asserts he is ignorant of the law. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)). Equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). *See also Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights). Here, the court finds petitioner has failed to demonstrate that equitable tolling is warranted.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 28th day of March 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma